Filed: 2/13/2023 2:52 PM
Clerk
Whitley County, Indiana
Whitley Superior Court

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE WHITLEY SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF WHITLEY ) | | CAUSE NO. 92D01-2302-CT-000123 |

TINA JAGGER,  )
　　　　　　　　)
　　Plaintiff, )
　　　　　　　　)
v.　　　　　　　)
　　　　　　　　)
ELEVANCE HEALTH, INC., d/b/a )
ANTHEM, INC., )
　　　　　　　　)
　　Defendant(s). )

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Tina Jagger, a qualified employee who at all times relevant to this Complaint performed within the reasonable expectations of her employer. Plaintiff alleges she was discriminated against on the basis of her religion, and subsequently Defendant failed to offer a reasonable accommodation on the basis of her religion, in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. The Defendant is Elevance Health, Inc., d/b/a Anthem, Inc., a company doing business at 220 Virginia Avenue, Indianapolis, IN 46204. Defendant is an "employer" for the purposes of Title VII. Plaintiff was employed by Defendant to work from her home located in Columbia City, Indiana, located in Whitley County.

3. Plaintiff filed a Complaint of Discrimination with the Indiana Civil Rights Commission on November 5, 2021, and amended the Complaint of Discrimination on April 13, 2022, copies of which are attached hereto, incorporated herein, and made a part hereof as "Ex.

1." The Equal Employment Opportunity Commission issued its Determination and Notice of Rights on November 17, 2022, a copy of which is attached hereto and made a part hereof as "Ex. 2." All jurisdictional prerequisites have been met and all administrative remedies have been exhausted for the filing of this Complaint.

4. Plaintiff worked for Defendant from August 3, 2020, until her wrongful termination October 30, 2021. At the time of separation from employment, Plaintiff's job title was Behavior Health Case Management 1. Plaintiff worked exclusively out of her home and had never entered any office or facility while engaged in the duties of her employment.

5. On or about September 7, 2021, Defendant informed Plaintiff that she would be required to receive a Covid-19 vaccination as a condition of employment, and if the vaccine was not completed by October 29, 2021, she would be separated from employment and considered to have voluntarily resigned.

6. Defendant indicated that her position was being mandated for the vaccine because she was considered "member facing" and *might* at some point come in contact with other individuals despite the fact that she worked from home and thus far had never been face-to-face with another individual during the course of her employment.

7. Plaintiff had already, by this time, experienced Covid-19, and had been able to continue to work from home while Covid-19 positive and did not miss any work or come in contact with any other person while performing her job duties. Plaintiff's direct supervisor, Lora Patterson, was aware that Plaintiff had been infected with Covid-19, had encouraged Plaintiff to take time off work, but taking time off never became necessary.

8. Plaintiff's closely held religious beliefs prevent her from receiving vaccinations

containing, derived from, or developed through the use of fetal aborted cells.

9. Plaintiff believes that all Covid-19 vaccinations are prohibited by her religious tenets.

10. Plaintiff submitted a request to Defendant for an accommodation related to the requirement for the vaccine due to her closely held religious beliefs. Defendant interviewed Plaintiff via telephone regarding her request on or about October 5, 2021. The phone interview was conducted by Giovanny Flores.

11. Flores questioned Plaintiff's religious beliefs regarding abortion, other products that Plaintiff may have used that contained fetal cells, previous vaccinations, and whether Plaintiff had discussed her religious beliefs with her doctor.

12. Flores also questioned whether Plaintiff would be willing to transfer to another department that did not mandate the vaccine, and Plaintiff agreed that she would be willing to do so. Plaintiff specifically clarified with Flores that she was not, however, willing to resign and was not voluntarily ending her employment with the company.

13. Plaintiff applied for and was interviewed for another position within the company that was not subject to the vaccine mandate, and for which she was qualified to perform. Plaintiff discovered on October 14th she had not been selected for the position and received no information as to why.

14. Defendant formally denied Plaintiff's request for a reasonable accommodation on October 18, 2021, via email. No reason for the denial was provided.

15. On October 19, 2021, Plaintiff was contacted by Brandy Frazier in associate relations to verify Plaintiff's receipt of the denial and to remind Plaintiff of the potential termination of her employment. Plaintiff reiterated that she was not voluntarily resigning and asked

about reasons for the denial and appealing the decision. Frazier informed Plaintiff there were no reasons for the denial and no appeal process.

16. On October 29, 2021, Plaintiff received a forwarded email regarding how the "voluntary" resignation process works, as well as an email regarding confidentiality once employment ended. No direct information regarding her "last day" of employment was received, nor verification that she was in fact terminated.

17. On November 1, 2021, Plaintiff attempted to report to work after a scheduled vacation but was unable to log in on her computer or Anthem phone.

18. On November 8, 2021, Plaintiff received a box via UPS for the return of all Anthem property, which Plaintiff promptly return, as it was clear by that time Defendant had terminated her employment.

19. Plaintiff contends that it would have created no undue hardship for Defendant to allow Plaintiff to continue employment with an accommodation should she need to be face-to-face with another individual during the course of her employment, which rarely -if ever - happened. Plaintiff contends that if that situation would have arisen, she could have worn protective gear, and would have been willing to submit to a Covid test, neither of which would have created any hardship for Defendant.

20. Further, Defendant made no effort to accommodate Plaintiff in any way in response to her request and made no effort to assist Plaintiff in transferring to a position that would have accommodated Plaintiff's religious beliefs. By information and belief, positions for which Plaintiff was qualified for were available at the time she was requesting an accommodation.

21. Plaintiff believes that she has suffered discrimination and Defendant has also failed to

–4–

provide a reasonable accommodation in violation of Plaintiff's federally protected rights pursuant to Title VII.

22. Defendant's discriminatory behavior and failure to accommodate were the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits, including income, and subjected her to emotional distress, humiliation, and other damages and injuries. Plaintiff seeks compensatory damages as well as reasonable attorney fees and costs.

23. Finally, Plaintiff contends that Defendant's discriminatory behavior was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs, and all other just and proper relief

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CLOSE & HITCHCOCK, LLP**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 300
Fort Wayne, IN 46802
Telephone:   (260) 408-6818
Facsimile:   (260) 498-2655
E-mail:   Jennifer@closehitchcock.com
Attorney for Plaintiff

–5–

92D01-2302-CT-000123
Whitley Superior Court

Filed: 2/13/2023 2:52 PM
Clerk
Whitley County, Indiana

# COMPLAINT OF DISCRIMINATION
State Form 42782 (R2 / 6-14)

ICRC:EMre21110440

Date Received: NOV 0 5 2021

INDIANA CIVIL RIGHTS COMMISSION
100 North Senate Avenue, Room N300
Indianapolis, IN 46204
Telephone: (317) 232-2600
Toll free: (800) 628-2909

INSTRUCTIONS: Please type or print legibly.

Any person or representative aggrieved by a discriminatory practice or act contrary to the provisions of the Indiana civil rights laws may file a complaint with the Indiana Civil Rights Commission (ICRC). A complaint must be filed within one hundred eighty (180) days from the date of the last occurrence of the discriminatory act (except in housing cases). A complaint alleging a discriminatory housing practice must be filed within one (1) year from the date of the last occurrence.

## COMPLAINANT INFORMATION

**Name (first, last):** Tina Jagger
**Home telephone number:** (260) 229-2141
**Work telephone number:** ( )
**Mobile telephone number:** ( )
**E-mail address:** tj3558@yahoo.com
**Address (number and street, city, state, and ZIP code):** 3558 N. Airport Rd, Columbia City, IN 46725

## SECONDARY CONTACT INFORMATION
(in the event that we cannot reach you at the above contact)

**Name (first, last):**
**Relationship:**
**Home telephone number:** ( )
**Work telephone number:** ( )
**Mobile telephone number:** ( )

## RESPONDENT INFORMATION

**Name of respondent:** Anthem
**Address (number and street, city, state, and ZIP code):** 220 Virginia Ave, Indianapolis, IN. 46204
**Telephone number:** (800) 331-1476
**Mailing address (number and street, city, state, and ZIP code):**

**Number of employees (please check one only)**
☐ 1-5    ☐ 6-14    ☑ 15 or more    ☐ N/A

## AREA OF DISCRIMINATION

I believe I have been discriminated against in the area of:
☐ Credit    ☐ Education    ☑ Employment    ☐ Public Accommodation    ☐ Housing

I believe I have been discriminated against on the basis of:
☐ Age    ☐ Ancestry    ☐ Color    ☐ Disability    ☐ Race    ☑ Religion
☐ Sex    ☐ Retaliation    ☐ Familial Status    ☐ National Origin    ☐ Veteran Status

What date did the alleged discriminatory act occur? (month, day, year)

How were you referred to the ICRC?
☑ Attorney / Lawyer    ☑ Government Agency    ☐ Friend    ☐ Advertisement    ☐ Brochure/Poster    ☐ Internet    ☐ Other _____

## GRIEVANCE OR OTHER ACTION FILED REGARDING THIS MATTER

**Name of procedure or agency:**
**Date filed (month, day, year):**
**Status / Disposition:**
**Date of disposition (month, day, year):**
**Date of alleged discriminatory act (month, day, year):**


EXHIBIT 1

Page 1 of 2

**STATEMENT OF ALLEGATIONS**

On September 10, 2021, I requested a Religious Exemption regarding the Covid Vaccine, and it was denied.

I believe I was discriminated against based on my religion. I have genuine and sincerely held religious beliefs that will not allow me to accept these vaccinations.

I was hired as a remote employee which allows me to work from home.

I am seeking all available remedies for a violation of Title VII of the Indiana Civil Rights Act of 1964, as amended and the Indiana Civil Rights Law.

**AFFIRMATION**

I affirm, under the penalties for perjury that the foregoing representations are true.

Signature of complainant: *[signature]*

Date (month, day, year): 10/28/2021

**FOR OFFICE USE ONLY (DO NOT WRITE BELOW THIS LINE.)**

| How was intake inquiry received? | Intake taken by |
|---|---|
| ☐ Telephone ☐ Walk-in ☐ Web ☐ Other: ___ | TGB 10/21/2021 |
| Assign to | Date (month, day, year) |

Page 2 of 2

Received

APR 1 3 2022

IN Civil Rights Commission

STATE OF INDIANA

CIVIL RIGHTS COMMISSION

AMENDMENT TO COMPLAINT OF DISCRIMINATION

I, Tina Jagger, hereby amend the Complaint filed herein under Docket No. EMre21110440, in the following manner:

ADD:

I.  STATEMENT OF ALLEGATIONS:

On October 30, 2021, I was terminated from my position by Respondent. This was done after I requested a religious exemption from the requirement that I obtain a COVID-19 vaccination. I was denied the exemption. I believe this action was discrimination on the basis of religion.

II.  AFFIRMATION:

I affirm, under the penalties for perjury, that the foregoing representations are true.

Date: 4-13-22

Tina Jagger

Amendment No. 1

Taken by: Michael C. Healy

1

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Indianapolis District Office
101 West Ohio St., Suite 1900
Indianapolis, IN 46204
(317) 999-1178
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/17/2022

To: Tina Jagger
3558 N Airport Rd
Columbia City, IN 46725

Charge No: 24F-2022-00144

EEOC Representative:        Jeremy Sells
                            State, Local & Tribal Coordinator
                            (463) 999-1161

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele 11/17/2022
Michelle Eisele
District Director

Please retain this notice for your records.

cc: On following page



EXHIBIT
2